IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-2668 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** *et al.,* | : | |
| | : | |
| Respondents | : | |

# **M E M O R A N D U M**

Petitioner Anthony Thomas, an inmate presently confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, commenced this action *pro se* by filing a petition pursuant to 28 U.S.C. § 2254. Petitioner challenges the August 30, 2004 decision of the Pennsylvania Board of Probation and Parole ("the Board") finding him to be in violation of the conditions of his parole and recommitting him to a state correctional institution to serve the remaining twelve months of his sentence. For the reasons set forth below, the petition will be denied.

**I.    Background**[1]

On January 6, 2000, Thomas was arrested by the City of Harrisburg Police and charged with two (2) counts of robbery and one (1) count of public drunkenness. (*See* Doc. 12-2 at 2.) On February 8, 2001, following a jury trial in the Dauphin County Court of Common Pleas, Thomas was found guilty and was sentenced to a term of incarceration of thirty-two to sixty-four months. (*See id.* at 6.) The Pennsylvania Department of Corrections calculated the minimum expiration date of Thomas's sentence to be September 6, 2002 and the maximum expiration date to be May 6, 2005. (*See id.*)

On July 8, 2002, approximately two months before his minimum expiration date, Thomas was paroled to a Community Corrections Center. (*See id.* at 9.) He was released on parole on his minimum expiration date of September 6, 2002. (*See id.*) On June 9, 2003, the Board declared Thomas delinquent because he failed to comply with the condition of his parole requiring him to report for a scheduled appointment on June 5, 2003. (*See id.* at 15.) Thomas was declared delinquent as of May 22, 2003 because the last contact that the Board had with him was on May 14, 2003. (*See* Doc. 12-1 ¶ 9.) Shortly thereafter, a wanted notice was issued on Thomas. (*See id.* ¶ 10.)

---

[1] Thomas has a lengthy criminal record, and thus the background will be limited to his more recent convictions that are relevant to the instant petition.

Over one year later, on May 17, 2004, Thomas was arrested by the Dauphin County Sheriff's Department and charged with resisting arrest, flight to avoid apprehension, escape, and aggravated assault. (*See* Doc. 12-2 at 17-19.)

On May 24, 2004, Parole Officer Roland served Thomas with notice of his technical parole violations. (*See* Doc. 1-1 at 8.) At a preliminary hearing held on May 28, 2004, one of the violations was dismissed, and a parole violation hearing was scheduled for August 11, 2004. (*See id.* at 9.) Following hearing on August 11, 2004, the Board issued a decision on August 30, 2004 finding Thomas guilty of violating the conditions of his parole requiring him to seek permission before changing residences and to report to the Board as instructed. (*See* Doc. 12-2 at 24.) The Board recommitted Thomas to a state correctional institution to serve the remaining twelve months of his sentence. (*See id.*) Thomas also was detained pending disposition of the criminal charges stemming from his May 17, 2004 arrest. (*See id.*)

On September 2, 2004 and September 14, 2004, the Board received letters from Thomas requesting "administrative relief." (*See id.* at 26-29.) In his letters, Thomas claimed that the Board failed to timely notify him of the charges of parole violations against him where he was arrested on May 17, 2004 and served with notice on May

3

24, 2004. (*See id.*) He claimed that 37 Pa. Code § 71.2 requires that parolees be notified of charges of parole violations within twenty-four hours of their arrest.[2] (*See id.*) The letters were processed as administrative appeals pursuant to 37 Pa. Code § 73.1(a). (*See* Doc. 12-1 ¶ 16.) On September 27, 2004, Assistant Counsel for the Board mailed a response to Thomas dismissing his appeal on the basis that a representative of the Board visited him within a reasonable time, and thus the Board acted in compliance with its present regulations set forth in 37 Pa. Code § 71.2. (*See* Doc. 12-2 at 31.)

On September 30, 2004, the Board received a third letter from Thomas requesting "administrative relief." (*See id.* at 33-36.) Thomas again raised his claim that the Board did not timely provide him with notice of the charges of parole

---

[2] A previous version of 37 Pa. Code § 71.2 provided as follows:

> The following procedures shall apply in all cases where the parolee is charged with a violation of parole conditions other than arrest or conviction for a new criminal offense:
>
> (1) Within 48 hours, if possible, of arrest and incarceration on the Board warrant, or within 24 hours of the Board warrant being lodged as a detainer, the parolee shall be visited by his parole agent or a representative of the Board.

*See Donnell v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole*, 453 A.2d 36, 37 n.2 (Pa. Commw. 1982) (citing 37 Pa. Code § 71.2). The current version of 37 Pa. Code § 71.2 simply states: "After a parolee is detained under a Board warrant, the parolee shall be visited by a representative of the Board." 37 Pa. Code § 71.2(1).

4

violations.  (*See id.*)  In addition, he claimed that the Board erred in basing its guilty finding on hearsay evidence and that the hearing examiner violated his right to due process by denying him the opportunity to testify and to confront and cross-examine witnesses.  (*See id.*)

By letter dated October 18, 2004, Assistant Counsel for the Board informed Thomas that his third request for administrative relief would be dismissed as unauthorized pursuant to 37 Pa. Code. § 73.1(b), which provides that second or subsequent petitions for administrative review will not be received.  (*See id.* at 38.)  Nevertheless, Assistant Counsel responded to Thomas's claims "purely for [his] information."  (*See id.*)

Thomas alleges that, on October 9, 2004, he filed a "Writ of Mandamus" with the Dauphin County Court of Common Pleas.  (*See* Doc. 1-1 at 12.)  Thomas attaches the document, which does not have a stamp indicating where and when it was filed, to his petition.  (*See* Doc. 1-4 at 2.)  In his "Writ," Thomas claims that, at his August 11, 2004 parole violation hearing, he was denied effective assistance of counsel and due process.  (*See id.*)  He further claims that the Board's decision that he was guilty of violating parole was based upon insufficient evidence.  (*See id.*)  Thomas also attaches a letter dated January 13, 2005 that he wrote to the Dauphin County Clerk of

5

the Court of Common Pleas ("Dauphin County Clerk") with a date stamp indicating that it was received by that office on January 18, 2005.  (*See id.* at 6.)  In that letter, Thomas inquired about the status of his "Writ of Mandamus" and stated that "it is to be directed to the Pennsylvania Board of Probation and Parole." (*See id.*)  Thomas also attaches a notification he received from the Dauphin County Clerk dated January 19, 2005 stating that his "motion was forwarded to the Pennsylvania Board of Probation and Parole."  (*See id.* at 7.)  Thomas attaches a letter to his petition dated February 10, 2005 that he wrote to the Commonwealth Court of Pennsylvania in which he inquires whether the Court received the "Writ of Mandamus" that he filed with the Dauphin County Clerk and that was forwarded to the Board.  (*See* Doc. 1-3 at 2.)

In his petition, Thomas alleges that, on February 13, 2005, he filed an "Amended Petition for Review" with the Commonwealth Court of Pennsylvania.  (*See* Doc. 1-1 at 12.)  He attaches the "Amended Petition for Review," which is not date stamped, to his petition.  (*See* Doc. 1-3 at 3.)  The Commonwealth Court construed this filing as a petition seeking administrative relief from the Board, and by order dated March 14, 2005, transferred the matter to the Board.  (*See* Doc. 1-3 at 10.)  By letter dated March 21, 2005, Thomas notified the Commonwealth Court that he

6

already sought administrative relief from the Board. (*See id.* at 11). By order dated March 28, 2005, the Commonwealth Court construed Thomas's letter as a motion for reconsideration of its March 14 order and granted the motion, but quashed his petition for review as untimely filed pursuant to Pa. R. App. P. 1512(a)(1).[3] (*See id.* at 13.)

Thomas did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 27, 2005, Thomas filed the instant petition for writ of habeas corpus with this court raising the following issues:

1) The Board violated 37 Pa. Code § 71.2 when it did not provide notice to Petitioner within twenty-four hours of the parole violation charges.

2) Petitioner's right to due process and to confront and cross-examine witnesses was denied at his August 11, 2004 parole violation hearing.

3) Public Defender Helm was ineffective in revealing Petitioner's defense to the hearing examiner before the August 11, 2004 parole violation hearing and in declining to file an appeal on Petitioner's behalf.

---

[3]Pa. R. App. P. 1512(a)(1) provides: "A petition for review of a quasijudicial order, or an order appealable under 42 Pa. Cons. Stat. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."

>   4)   There was insufficient evidence to support the Board's determination that Petitioner was guilty of violating parole.
>
>   5)   Assistant Counsel for the Board erred as a matter of law and abused his discretion when he denied Petitioner's right to appeal the decision that Petitioner was guilty of violating parole.

(Doc. 1-1 at 16-20.)  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on December 29, 2005, the Court issued a formal notice to Thomas that he could either have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. 4.)  On January 6, 2006, Thomas filed his notice of election requesting that the court rule on the petition as filed.  (Doc. 5.)  Accordingly, an order to show cause was issued on January 17, 2006 directing Respondents to file an answer to the petition within twenty days.  (Doc. 6.)

On March 8, 2006, Respondent the Pennsylvania Board of Probation and Parole filed an answer (Doc. 12) and memorandum of law (Doc. 13).  On March 21, 2006, Thomas filed a reply (Doc. 14).[4]  Therefore, the petition is ripe for review.

---

[4] After his petition became ripe, Thomas filed documents with the court that appear to relate to the criminal charges that were filed against him at the time he was arrested for violating parole.  (*See* Docs. 15, 16, 19, 21.)  The court did not consider these documents in disposing of the petition.

**II.     Discussion**

A state prisoner cannot obtain habeas relief in federal court unless: (1) he has exhausted the remedies available in state court, (2) there is an absence of available State corrective process, or (3) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  This statutory provision has been interpreted to require a federal habeas petitioner to present the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).

In Pennsylvania, a state inmate may appeal an adverse decision by the Pennsylvania Board of Probation and Parole to the Commonwealth Court.  *See Williams v. Wynder*, 232 Fed. Appx. 177, 178 (3d Cir. 2007).  If the Commonwealth Court does not grant the relief a state inmate seeks, he or she may file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  *See id.*  If the inmate fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted.[5]  *See id.* at 181.

---

[5]Although the Supreme Court of Pennsylvania declared by Order No. 218 dated May 9,
(continued...)

If a habeas petitioner has presented his claim to the state courts, but the state courts have declined to review his claim on the merits because the petitioner failed to comply with a state procedural rule when presenting his claim, the claim is deemed procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989). Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law, or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.* at 262; *see also Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

To establish "cause" for procedural default, a petitioner must show that some objective factor impeded the petitioner's efforts to comply with the state's procedural rule. *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Examples of objective factors that constitute cause include interference by officials that makes compliance with the state's

---

[5](...continued)
2000 that federal habeas petitioners do not have to appeal to the Supreme Court to satisfy the exhaustion requirement, this Order is inapplicable to petitioners seeking review of a decision by the Commonwealth Court involving a challenge to actions by the Pennsylvania Board of Probation and Parole. *See Williams*, 232 Fed. Appx. at 180.

procedural rule impracticable or a showing that the factual or legal basis for a claim was not reasonably available to counsel. *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991); *see also Murray*, 477 U.S. at 488. This standard applies to *pro se* as well as represented petitioners. *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992); *see also Slutzker v. Johnson*, 393 F.3d 373, 385 n.12 (3d Cir. 2004).

To demonstrate actual "prejudice", a petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." *See United States v. Frady*, 456 U.S. 152, 170 (1982).

The "miscarriage of justice" exception applies only in the extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

With these standards in mind, the court turns to the instant petition. Thomas did not timely file a petition for review with the Commonwealth Court following the Board's September 27, 2004 denial of his administrative appeal. As a result, the Commonwealth Court declined to consider the merits of his claims and dismissed his

11

petition as untimely pursuant to Pa. R. App. P. 1512(a)(1).  Thomas did not seek review by the Supreme Court of Pennsylvania of the Commonwealth Court's decision, and his time to do so has expired.  Therefore, Thomas's claims have been procedurally defaulted.  *See Harris*, 489 U.S. at 262-63.  Consequently, this court can only consider Thomas's claims if he can demonstrate either cause and prejudice for the default or that a fundamental miscarriage of justice would result if the court declined to hear them.

Thomas has failed to demonstrate cause for his procedural default.  In his reply (Doc. 14-1), he argues that he exhausted his claims because he timely filed his "Writ of Mandamus" with the Dauphin County Clerk on October 9, 2004.  It is unknown whether Thomas actually filed this document with the Dauphin County Clerk on October 9, 2004 because the copies he attached to his petition and to his reply are not date-stamped.  (*See* Docs. 1-4 at 2; 14-2 at 4.)  Even assuming *arguendo* that Thomas mistakenly filed his "Writ of Mandamus" with the Dauphin County Court of Common Pleas rather than with the Commonwealth Court, such a mistake does not constitute an *objective* factor that would demonstrate cause for his procedural default.  Even though Thomas acted *pro se*, he still is held to the same standard as a represented petitioner for purposes of establishing cause.  *See Caswell*, 953 F.2d at

862; *Slutzker*, 393 F.3d at 385 n.12.  Further, because Thomas has not demonstrated cause for his procedural default, it follows that he cannot establish actual "prejudice" that arises from the application of the state procedural rule that barred consideration of the merits of his petition by the Commonwealth Court.

Thomas also has failed to establish that a miscarriage of justice would result if this court did not review his claims.  "[T]o establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him."  *Werts*, 228 F.3d at 193.  The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Thomas does not claim that he is actually innocent or state that he has evidence to support such a claim.  He merely asserts in his petition that the Board's determination that he violated the conditions of his parole was based on insufficient evidence because it was based solely on Parole Agent Roland's testimony that he inspected Thomas's residence on one occasion and noted that Thomas's personal belongings were no longer there.  (*See* Doc. 1-1 at 19.)  Therefore, Thomas has failed to fulfill his

burden of establishing a fundamental miscarriage of justice to overcome his procedural default.

## III. **Conclusion**

For the foregoing reasons, Thomas's petition for writ of habeas corpus will be denied. An appropriate order follows.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: July 1, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-2668 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## **ORDER**

1. The petition for writ of habeas corpus (Doc. 1-1) is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: July 1, 2008.